IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **KENNETH R. CHRIST, JR., individually** ) <br> **and on behalf of a certified class,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> **BENEFICIAL CORPORATION;** ) <br> **BENEFICIAL FLORIDA, INC.;** ) <br> **BENEFICIAL MANAGEMENT** ) <br> **CORPORATION OF AMERICA;** ) <br> **BENEFICIAL INSURANCE GROUP,** ) <br> **INC.; WESCO INSURANCE COMPANY;** ) <br> **BENEFICIAL INSURANCE AGENCY** ) <br> **OF NEVADA; and WILMINGTON** ) <br> **PROPERTY AND CASUALTY,** ) <br> ) <br> Defendants. ) | Civil Action Number <br> **2:98-cv-210-JES-SPC** |

**MEMORANDUM OPINION**
**ON PLAINTIFFS' CLAIMS FOR DAMAGES**

In this case arising under the Truth-in-Lending Act ("TILA"), 15 U.S.C. Section 1601, *et seq.*, and Declaratory Judgment Act ("DJA"), 28 U.S.C. Section 2201, *et seq*, Plaintiff Kenneth R. Christ, Jr. ("Christ") and the class he represents ("the Plaintiff class") seek declaratory relief and damages for "non-filing insurance" ("NFI") premiums imposed on them by the Defendants Beneficial Corporation, its

consumer finance subsidiaries, and related companies ("Beneficial").

The Court has previously granted summary judgment to the Plaintiff class and declared that Beneficial violated TILA.[1] Later, a jury of this district found that the the consumer finance and insurance companies were *alter egos* of Defendant Beneficial and related entities.

In light of the concession by the Plaintiff class that its individual members have not suffered actual damages under TILA, and its renunciation of statutory class damages, as well as actual damages under that statute, the only remaining issue is whether the class is entitled to equitable relief under the DJA.

For the reasons which follow, the Court concludes that the Plaintiff class is

---

[1] Plaintiffs originally brought claims pursuant to TILA and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. However, as this Court noted in its opinion granting summary judgment on the TILA claims,

> Plaintiffs have not moved for summary judgment on their RICO claims. However, the defendants are probably entitled to summary judgment on the RICO claims, in light of the reliance requirement. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1499 (11th Cir. 1991)); *Metromedia Co. v. Fugazy*, 983 F.2d 350, 368 (2d Cir.1992); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir.1990); *Chisholm v. TransSouth Fin. Corp.*, 95 F.3d 331, 336-37 (4th Cir. 1996); *Central Distributors of Beer v. Conn*, 5 F.3d 181, 184 (6th Cir.1993); *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir.1987); *Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1054 (8th Cir.1985); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504-5 (9th Cir.1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 892 (10th Cir.1991).

(Doc. 82 at p. 2 n.4.) Ultimately, the RICO claims were dismissed.

entitled to the equitable relief of restitution or disgorgement under the DJA; but that Plaintiffs are not entitled to the pre-judgment interest which they belatedly sought.

### A.  Procedural History

This case was initially filed in this court.  On August 3, 1998, it was transferred by the Judicial Panel on Multi-district Litigation ("MDL Panel") to the Middle District of Alabama, for inclusion in MDL No. 1130, *In re Consolidated "Non-Filing Insurance" Fee Litigation*, the lead case being *Nobels v. AVCO Financial Services*, CV-94-CL-699-N (M.D. Ala. 1994).

As contemplated by 28 U.S.C. Section 1407, discovery and other pretrial proceedings ensued.  Class action status was sought by the named Plaintiff, Kenneth R. Christ, Jr.  On August 24, 2000, pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(2), this Court conditionally certified Christ as the representative of a class consisting of "all persons in the United States who were charged a fee for non-filing insurance by one of the consumer finance subsidiaries of the Beneficial Corporation at anytime from May 19, 1994, to the present, and who are not otherwise excluded from the defined class." [2]  *In re Consolidated "Non-Filing Ins." Fee Litig.*,

---

[2]  Persons and transactions otherwise excluded from the defined class are:

(A)    Persons who are deceased on the date that the final judgment is entered in this

195 F.R.D. 684, 688, 695 (M.D. Ala. 2000).

After certification, the parties completed discovery. Then, all of the parties

           action;

(B)    Persons who are members of a previously certified class against any named Defendant in this action for the TILA and RICO claims asserted herein;

(©)    Written loan or credit purchase agreements or billing documents which do not contain a fee or charge for non-filing insurance disclosed or treated as part of the "amount financed";

(D)    Those transactions (i.e., written loan or credit purchase agreements or billing documents containing a fee or charge for non-filing insurance disclosed or treated as part of "amount financed") which are in "true default." A transaction is in "true default" if:

    (1)    The borrower has made no payment on his or her account during the six (6) month period immediately preceding the date of the final judgment to be entered in this action; or

    (2)    The debt has been "charged-off" by Defendants in accordance with Defendants' usual and customary practices and procedures, and Defendants have not and will not make any effort to collect the charged-off debt; or

    (3) A Beneficial Defendant has obtained a judgment for the debt.

(E)    Persons who, as of the date of this class certification, have pending in any court an individual action against any Defendant named in this action, or who have obtained a judgment against any Defendant named in this action, or who have executed a release in favor of any Defendant named in this action which encompasses, adjudicates or releases all of the certified claims in this action;

(F)    Those transactions which have been included in a liquidation proceeding (Chapter 7) under the United States Bankruptcy Code prior to the date that the final judgment is entered in this action;

(G)    Those transactions which are subject to a valid arbitration agreement.

*NFI Fee Litig.,* 195 F.R.D. at 695.

moved for summary judgment.

On the undisputed facts, this judge concluded that Beneficial violated TILA by improperly charging Plaintiffs premiums for NFI, when in fact the product sold did not actually constitute insurance. Even assuming, *arguendo,* that the product was properly characterized as "insurance," the premiums were paid for general default insurance, rather than NFI. Thus, this Court concluded that Defendants violated TILA by disguising these premiums as a part of the "amount financed." Concluding that the Plaintiff class was entitled to judgment as a matter of law on this issue, on February 27, 2001, this Court entered summary judgment for Plaintiffs, declaring that Defendants had violated TILA.

The entry of summary judgment and the declaration that Defendants violated TILA was the end of all coordinated pretrial proceedings in the MDL litigation.

Subsequently, this action was remanded by the MDL Panel to the Middle District of Florida, to which this judge was designated to complete the disposition of this case.

On remand, the genuinely disputed factual issue was whether the Defendant consumer financial companies and related insurance companies were merely the *alter-egos* of the Defendants Beneficial Corporation and Beneficial Management Corporation. A duly-convened jury of the Middle District of Florida answered the

inquiry in the affirmative.

It is undisputed that Beneficial collected $22,711,803.67 in non-filing fees during the class period. (*See* Doc. 87, Defs.' Notice of Filing Verified Accounting at Ex. A.)

The primary remaining issue is that of damages under TILA and/or remedial relief under the DJA. In its trial brief, filed subsequent to the entry of the Pretrial Order, the Plaintiff class demanded prejudgment interest on any award of restitution. It is to those issues which the Court now turns.

### B.  TILA Damages

TILA provides several remedies for violation of its provisions. In an individual action, any consumer who was injured by a creditor's non-compliance with TILA is entitled to any actual damage sustained, or twice the amount of the finance charge, limited to not less than $100, but no more than $2,000. 15 U.S.C. §§ 1640(a)(1), 1640(a)(2)(A).  In a class action, the Court may award actual damages or the Court, in its discretion, may award statutory damages of not more than $500,000 or 1% of the creditor's net worth.  15 U.S.C. §§ 1640(a)(1), 1640(a)(2)(B).[3]

*Turner v. Beneficial Corporation,* 242 F.3d 1023, 1028 (11th  Cir. 2001) (*en*

---

[3]  These damages provisions apply to non-mortgage TILA claims.

*banc*) holds that in order to recover under the "actual damages" provision of TILA, a plaintiff must show detrimental reliance. *Accord Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1344 (11th Cir. 2006).

In the opinion granting summary judgment on the TILA claim, the instant Court strongly suggested that the reliance requirement in the RICO context was problematic for the Plaintiff class.[4] Unremarkably, class counsel conceded at trial that "[w]e don't have any detrimental reliance involved, we don't have any." (Trial Tr. at p. 337.) Although the concession was made in reference to the RICO claim, it is applicable to the TILA claim; for the record is barren of evidence that, in making the loans which gave rise to this lawsuit, Christ or any of the class members detrimentally relied on the statements of agents of the Beneficial consumer finance companies.

Consistent with *Turner v. Beneficial*, the Plaintiff class is therefore not entitled to actual damages under TILA. *See* 242 F.3d at 1028.

With actual damages unavailable, Plaintiffs' only remaining recourse, under TILA, was to seek statutory/class damages.

---

[4] "[T]he defendants are probably entitled to summary judgment on the RICO claims, in light of the reliance requirement."

(Doc. 82 at p. 2 n.4.)

At trial, however, class counsel withdrew the demand for statutory/class damages under TILA. (Trial Tr. at p. 340.)

In summary, Beneficial is not liable to the Plaintiff class for actual or statutory/class damages under TILA.

### C. Restitution/Disgorgement Under the Declaratory Judgment Act

As noted earlier, the Plaintiff class seeks relief under the Declaratory Judgement Act ("DJA"), 28 U.S.C. § 2201, *et seq*. Pursuant to that Act,

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
>
> ....
>
> Further necessary and proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. §§ 2201(a), 2202. Federal Rule 57 governs proceedings brought under the DJA. That rule expressly provides that in an action under the DJA, "the existence of another adequate remedy does not preclude a judgment for

declaratory relief . . . ." Fed. R. Civ. P. 57. Further, the Advisory Committee's note indicates that declaratory relief is "alternative or cumulative and not exclusive or extraordinary." Fed. R. Civ. P. 57 advisory committee's note. *See also Powell v. McCormack,* 395 U.S. 486 (1969); 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2758 (3d ed. 1998).

While Beneficial does not directly dispute the applicability of the DJA, it argues that

> [t]he remedies provided in TILA and RICO are exclusive of all other remedies. Moreover, there is no implied right of action for an injunction under the Supreme Court implied right of action cases, because Congress' intent was to provide only that relief specifically set forth in the statutory provisions quoted above.

(Doc. 126 at p. 11.)

But the cases Beneficial cited in support of this position are unhelpful on the applicability of the DJA.[5] On the other hand, in *Bolin v. Sears, Roebuck & Company,* 231 F.3d 970, 977 (5th Cir. 2000), our sister circuit recognized in a TILA-RICO case that "[t]he DJA, of course, authorizes a declaration that Sears

---

[5] For example, *Virginia Bankshares, Incorporated v. Sandberg,* 501 U.S. 1083 (1991), involved the issue of whether the implied right of action for causation of damages under Section 14(a) of the Securities Exchange Act of 1934 applies in an action by minority shareholders. And, in *Gonzaga University v. Doe,* 536 U.S. 273 (2002), the Supreme Court held that private actions for violations of the Family Educational Rights and Privacy Act are not cognizable under 42 U.S.C. Section 1983.

has violated the foregoing laws." *Accord Green v. Mansour,* 474 U.S. 64, 72 (1985); *Steffel v. Thompson*, 415 U.S. 452, 462 (1974).

The Court concludes that the DJA applies to this case, and that the Plaintiff class is entitled to the declaratory relief it affords, as well as the equitable remedy of restitution or disgorgement of the illegal NFI premiums by which Beneficial was unjustly enriched.

### D.  Prejudgment Interest

In its original and amended complaints, the Plaintiff class did specifically demand prejudgment interest in their various prayers for relief.  (*See* Doc. 1.) However, later pre-trial filings omitted such a demand.

On March 17, 2003, the Plaintiff class filed a "Motion For Further and Final Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2202." (Doc. 77.)  In this motion, the Plaintiff class reiterated that, in addition to declaratory and injunctive relief, it "seeks incidental damages in the form of restitution/disgorgement in the amount of $22,700,885.67" and it "further request[ed] the Court to enter an Order awarding the class $500,000 in the form of statutory damages pursuant to 15 U.S.C. 1640(a)(2)(b), together with a reasonable attorneys' fee and costs of this action." (*Id*. at pp. 1-2.)

Moreover, in the parties' Joint Pretrial Statement, counsel for the Plaintiff class did not mention the words "prejudgment interest."[6]

The May 16, 2003, final Pretrial Order reflects the pertinent demand of the Plaintiff class, as formulated by class counsel:

> The Court has also ordered an accounting which reveals that the Beneficial defendants illegally collected approximately $22,700,885.67 from NFI fees from class members during the class period. **Plaintiff and the class seek a refund of this money, statutory damages of $500,000, and reasonable attorneys' fees.** Primarily and foremost, Plaintiff and the class seek an order prohibiting the Defendants from permanently charging their customers NFI fees under arrangements like those involved in this case.

---

[6] In this statement filed on April 1, 2003, the Plaintiff class identified, *inter alia*, the following issues remaining for determination by the Court:

(c)   "Damages in the form of restitution or, stated otherwise, a refund or return of the fees charged to Plaintiffs' class by Defendants during the class period for the non-existent "non-filing insurance" which this Court declared illegal as a matter of law";

(d)   "The nature and extent of Plaintiffs' TILA class statutory damages, together with a reasonable attorneys' fee and costs of this action, and the nature and extent of any further necessary or proper relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202, with respect to any declaratory judgments or Orders of this Court which have been or will be entered pursuant to 28 U.S.C. § 2201, including an equitable accounting and disgorgement by Defendants of the illegally charged non-filing insurance fees."

(Doc. 82, pp. 43-44.)

(Doc. 93 at p. 3)(emphasis added).[7]

For the very first time, during the jury trial on the *alter-ego* issue, class counsel demanded prejudgment interest on any monetary recovery obtained from Defendants. Predictably, Beneficial resists this demand. Class counsel has not filed a motion to amend the Pretrial Order.

Federal Rule 16(e) unambiguously provides that the Pretrial Order "shall control the subsequent course of the action unless modified by a subsequent order. **The order following a final pretrial conference shall be modified only to prevent manifest injustice**." Fed. R. Civ. P. 16(e) (emphasis added).

Local Rule 3.06 (Final Pretrial Procedures) from the Middle District of Florida provides, in relevant part:

> c) The pretrial statement shall be filed with the Court no later than three (3) days before the date of the final pretrial conference . . ., and shall contain:
>
> . . . .
>
> (7) in cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought with respect to each such element;
>
> ....
>
> (e) All pleadings filed by any party prior to filing of the pretrial

---

[7] As noted earlier, class counsel for Plaintiffs subsequently withdrew the demand for $500,000 in statutory damages. (Trial Tr. at p. 340.)

> statement shall be deemed to be merged therein, or in any subsequent pretrial order entered by the Court. **The pretrial statement and the pretrial order, if any, will control the course of the trial and may not be amended except by order of the Court <u>in the furtherance of justice.</u>**

M.D. Fla. Local Rule 3.06 (emphasis added).

The Plaintiff class finds no comfort in the Local Rules. For if these Rules mean that all causes of action and prayers for relief asserted in the original and amended complaints are preserved for trial, whether mentioned in the pretrial order or not, there is no need for a pretrial order. A crucial purpose of the pretrial conference is "to narrow and define the issues" before trial. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997); *see* Fed. R. Civ. P. 16(e). Sometimes as discovery proceeds, and once it is completed, prior claims/defenses/positions are abandoned, as has indeed happened in this very case, and as contemplated by Rule 16. Local Rule 3.06(e) cannot reasonably be construed to preclude this sound practice. As this judge has often commented to lawyers at trial: "If an issue is not raised in the pretrial order, it is not in the case."

Accordingly, the prejudgment interest demand of the Plaintiff class must be denied. *See Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 843-44 (11th Cir. 1991) (upholding the district court's denial of declaratory and injunctive relief where the plaintiff requested such relief in her complaint, but omitted her demand

for same in her final pretrial position statement); *Morro v. City of Birmingham,* 117 F.3d 508, 516 n.3 (11th Cir. 1997); *Sun Bank, N.A. v. E.F. Hutton & Co. Inc.,* 926 F.2d 1030, 1035-36 (11th Cir.1991); *Iervolino v. Delta Air Lines Inc,* 796 F.2d 1408, 1420 (11th Cir.1986); *cf. Central Distribs., Inc. v. M.E.T., Inc.,* 403 F.2d 943, 945-46 (5th Cir.1968); *see also,* JoAnn F. Wasil, Annotation, *Consideration at Trial, Under Rule 16 of Federal Rules of Civil Procedure of Issues Not Fixed for Trial in Pretrial Order,* 117 A.L.R. Fed 515 § 3 (1994).

In the Court's view, the assertion of the prejudgment interest demand for the first time during trial, if allowed, will surely and unfairly prejudice Beneficial.

### E. Conclusion

By separate order, declaratory, injunctive, and equitable relief will be granted to the Plaintiff class by the Court, pursuant to the Declaratory Judgment Act. The untimely demand of the Plaintiff class for prejudgment interest will be denied.

**Done this 17th day of August, 2006.**

_____
Judge U.W. Clemon, sitting by designation